UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERNON WAYNE MCNEAL,<br><br>                Plaintiff,<br><br>        v.<br><br>ROBERTS, et al.,<br><br>                Defendants. | No.  2:18-cv-2998 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. ECF Nos. 1, 2, 5. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1)(B).

For the reasons stated below, the undersigned recommends that: (1) plaintiff be declared a three strikes litigant pursuant to 28 U.S.C. § 1915(g); (2) plaintiff's motion to proceed in forma pauperis be denied; and (3) plaintiff be ordered to pay the filing fee prior to proceeding any further with this action.

I.      APPLICABLE LAW

        A.      28 U.S.C. § 1915(g):  Three Strikes Rule

        28 U.S.C. § 1915(g) states:

1

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

"It is well-settled that, in determining a [Section] 1915(g) 'strike,' the reviewing court looks to the dismissing court's action and the reasons underlying it." Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (brackets added) (citation omitted). "[Section] 1915(g) should be used to deny a prisoner's in forma pauperis status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2006) (brackets added).

    B.    Judicial Notice of Court Records

It is well-established that a court may take judicial notice of its own records. See United States v. Author Servs., Inc., 804 F.2d 1520, 1523 (9th Cir. 1986), overruled on other grounds, United States v. Jose, 131 F.3d 1325, 1328-29 (9th Cir. 1997); see, e.g., Shuttlesworth v. City of Birmingham, 394 U.S. 147, 156-57 (1969) (taking judicial notice of opinion of related case); see, e.g., Diamond v. Pitchess, 411 F.2d 565, 566 (9th Cir. 1969) (stating court may take judicial notice of own records to determine whether in forma pauperis complaint should be dismissed); Bovarie v. Giurbino, 421 F. Supp. 2d 1309, 1313 (9th Cir. 2006) (citing to Author Servs., supra). A judicially noticed fact must be one not subject to reasonable dispute in that it is either: "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination from sources whose accuracy cannot be reasonably questioned." Fed. R. Evid. 201(b).

II.    DISCUSSION

    A.    Action Properly Brought

On November 13, 2018, plaintiff filed the instant complaint. See ECF No. 1 at 8. His application to proceed in forma pauperis was signed the same day and completed on November

21, 2018, when his trust account statement was filed.  See ECF Nos. 2, 5.  Thus, this action has been properly "brought" for purposes of Section 1915(g) analysis.  See O'Neal v. Price, 531 F.3d 1146, 1152 (9th Cir. 2008) (stating action has been "brought" for purposes of Section 1915(g) when complaint and request to proceed in forma pauperis have been submitted to court).

B. Plaintiff's Strikes

Plaintiff's complaint asserts an Eighth Amendment claim of deliberate indifference to serious medical needs, stemming from defendants' delayed treatment of plaintiff after a fall and their subsequent failure to determine the cause of the fall.[1]  See ECF No. 1 at 4, 6-7.  However, this court's records reveal that on at least three occasions prior to the filing of this action in November 2018, lawsuits filed by plaintiff have been dismissed on the grounds that they were frivolous or malicious or failed to state a claim upon which relief may be granted.  The court takes judicial notice of these cases and finds that each of them constitutes a "strike" under 28 U.S.C. § 1915(g).  They are the following:

- McNeil v. Ervin, No. 2:07-cv-2240 LKK EFB (E.D. Cal. Mar. 3, 2010) ("Ervin") (dismissed for failure to state a claim after defendants filed motion to dismiss) (Ervin, ECF Nos. 16, 30, 31);
- McNeal v. Dalu, No. 2:09-cv-1626 JAM KJM (E.D. Cal. June 29, 2010) ("Dalu") (dismissed for failure to state a claim) (Dalu, ECF Nos. 25, 26);
- McNeal v. Gonzalez, No. 1:14-cv-0030 BAM (E.D. Cal. Mar. 18, 2015) ("Gonzalez") (dismissed for failure to state a claim) (Gonzalez, ECF Nos. 20, 21), and
- McNeal v. Cano, No. 1:14-cv-1767 DLB (E.D. Cal. Aug. 18, 2015) ("Cano") (dismissed for failure to follow court order and for failure to prosecute after initial dismissal with leave to amend for failure to state a claim) (Cano, ECF Nos. 8 at 8; 9-11). [2]

---

[1] The court notes that Section 1915(g) applies irrespective of whether plaintiff's current claim is well-pleaded.  See El-Shaddai v. Zamora, 833 F.3d 1036, 1042 (9th Cir. 2016).

[2] See Harris v. Mangum, 863 F.3d 1133, 1143 (9th Cir. 2017) (holding dismissal with leave to amend for failure to state claim followed by failure to amend constitutes strike under Section 1915(g)).  The style of the dismissal or of the procedural posture is immaterial.  See El Shaddai v. Zamora, 833 F.3d 1036, 1042 (9th Cir. 2016).

     C.    <u>No Contemporaneous Imminent Danger</u>

The instant complaint contains no allegations demonstrating that at the time of filing, plaintiff was under "under imminent danger of serious physical injury." <u>See</u> generally ECF No. 1; <u>see</u> <u>also</u> 28 U.S.C. § 1915(g). Accordingly, the sole exception to the three-strikes rule does not apply. The court therefore concludes that plaintiff is a three-strikes litigant within the meaning of Section 1915(g). Pursuant to the statute, plaintiff's application to proceed in forma pauperis should be denied and he should be required to pay the filing fee prior to proceeding any further with this action.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court randomly assign a District Court Judge to this action.

IT IS FURTHER RECOMMENDED that:

1. Plaintiff be declared a three-strikes litigant pursuant to 28 U.S.C. § 1915(g);

2. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be DENIED; and

3. Plaintiff be required to pay the filing fee prior to proceeding any further with this action.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 5, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE